WILBUR F. SHINN AND ELIZABETH C. SHINN, PROSECUTORS, v. TOWN OF HAMMONTON, A MUNICIPAL CORPORATION, RESPONDENT.

Submitted February 1, 1930—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Bolte, Tripician & Kirkman.*

For the respondent, *Peter H. Lucas.*

PER CURIAM.

This is a rule to show cause why a writ of *certiorari* should not be granted to review the validity of a certain ordinance passed by the town of Hammonton, it being contended, amongst other things, that the ordinance was not lawfully passed.

The depositions *tend to show* that the prosecutors are residents and taxpayers of the town and own property affected by the ordinance.

The depositions show that the ordinance was entitled "An ordinance for laying out and paving a public street or road to be known as the Lake Boulevard and providing for the raising of the necessary moneys therefor by the issuance of temporary improvement notes or bonds," and was passed December 23d, 1929.

The depositions further *tend to show* that the ordinance was introduced on October 14th, 1929; that it was advertised for hearing on the 28th of October; that on the last mentioned date a hearing was had and considerable opposition developed and thereupon the further consideration of the ordinance was adjourned from time to time until finally, on December 23d, 1929, the ordinance was amended in substance by inserting paragraph 10, as follows:

"This ordinance is passed with the understanding that the highway commission of the State of New Jersey will take over and hard surface the right of way herein acquired, and the money herein appropriated shall not be spent until such time as such highway commission of New Jersey shall agree to reimburse the town of Hammonton for the moneys actually spent for acquiring the rights of way," &c.

On that same evening, after having made that substantial amendment, the record seems to indicate that the ordinance was passed the second and final reading. This showing certainly presents a debatable question as to the validity of the ordinance.

The rule to show cause will therefore be made absolute and the writ allowed.